IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WOODROW OZAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H – 05 – 0096 |
| | § | |
| AETNA LIFE INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

## MEMORANDUM AND ORDER

Pending before the Court are opposing discovery-related motions. For the reasons discussed at a hearing on these motions and set forth below, Plaintiff Woodrow Ozan's Motion to Compel Discovery (Docket # 13) is **DENIED** and Defendant Aetna Life Insurance Company's Motion to Quash Notice of Deposition and for Protective Order (Docket # 17) is **GRANTED**.

Plaintiff filed this lawsuit to recover long-term disability benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 *et seq.* Plaintiff seeks to conduct discovery outside the administrative record, including depositions of Defendant corporation, pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiff asserts that such discovery is necessary to expose a conflict of interest on the part of Defendant Aetna Life Insurance Company, which both funds and administers benefit claims under the ERISA plan at issue.

The Fifth Circuit has repeatedly held that a trial court's review of a plaintiff's claim for disability benefits under an ERISA plan is confined to the evidence before the claims administrator and contained in the administrative record. *Vega v. Nat'l Life Ins. Servs.*, 188 F.3d 287, 299-300 (5th Cir. 1999). A court may not stray beyond the administrative record, except for "certain limited exceptions . . . related to either interpreting the plan or explaining medical terms and procedures relating to the claim." *Id.* at 299. The court should consider the existence of a conflict of interest, arising from the plan being both funded and administered by the same entity, in determining whether the administrator abused its discretion in denying a claim. *Id.* at 297.

The existence of such a conflict of interest does not, however, entitle Plaintiff to discovery that goes beyond the administrative record. Allowing Plaintiff to conduct discovery outside the record for this purpose would contradict ERISA's goal of providing an inexpensive and expeditious mode for litigating benefits disputes, as well as the Fifth Circuit's holding in *Vega*. In *Letter v. Unumprovident Corporation*, the court addressed the very situation at issue in this case:

> In *Vega*, the degree of the plan administrator's conflict was in issue, because the insurer and administrator had a relationship that was "more than purely contractual," but they were not identical (the administrator was a separate but wholly-owned subsidiary of the insurer). In the instant case however, the degree of the plan administrator's conflict is not in issue-- plaintiff acknowledges and defendant concedes that [defendant] was both the insurer and administrator. Thus, any decision by the administrator to deny benefits to a participant inures entirely to the benefit of the insurer. Accordingly, the Court finds that [defendant] had every incentive to deny plaintiff's claim, and no further inquiry into the "degree of conflict" is necessary.

No. Civ. A. 02-2694, 2004 WL 242360, at *2 (E.D. La. 2004) (internal citations omitted). This Court agrees with the reasoning of *Letter*. Were the existence or degree of conflict of interest in dispute in this case, discovery on this issue would likely fall within one of the

limited exceptions to the rule confining discovery to the administrative record.  *See Vega*, 188 F.3d at 299.   Here, however, the existence of a conflict of interest is not in dispute, as Defendant has conceded that it both funded and administered the benefits plan.  The Court will consider this conflict of interest and recognize the incentive that Defendant had for denying Plaintiff's claim when reviewing Defendant's decision.  Discovery outside of the administrative record is not warranted.

**IT IS SO ORDERED**.

**SIGNED** this 21st day of October, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**